IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH LEE BEAN § | | |
|    TDCJ-CID #1141587 § | | |
| § | | |
| VS. § | C.A. NO. C-06-223 | |
| § | | |
| MCCONNELL UNIT, ET AL. § | | |

## MEMORANDUM OPINION ORDER DISMISSING
## CERTAIN CLAIMS AND DEFENDANTS AND RETAINING CASE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, plaintiff's claims against the McConnell Unit, Warden Norris Jackson, Captain Evelyn Castro, and Officer Rolando Delagarza are dismissed for failure to state a claim and as frivolous, as is plaintiff's claim of excessive force against Sergeant Louis Rocha. Plaintiff's failure to protect claims against Sergeant Ernesto Deluna and Sergeant Louis Rocha are retained and service is ordered on these defendants.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Plaintiff has consented to proceed before a magistrate judge, (see D.E. 12), and the case was re-assigned to the undersigned United States Magistrate Judge to conduct all proceedings and entry of judgment (D.E. 13).

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Coffield Unit in Tennessee Colony, Texas, although his claims concern events that occurred at the McConnell Unit in Beeville, Texas. He is suing the McConnell Unit and the following McConnell Unit officers and officials: Assistant Warden Norris Jackson; Captain Evelyn Castro; Sergeant Ernesto Deluna; Sergeant Louis Rocha; and Officer Rolando Delagarza.  The following allegations were made in plaintiff's original complaint and at the August 9, 2006, Spears[1] hearing:

On February 11, 2006, at approximately 8 a.m., plaintiff was attacked by several inmates in the recreation yard.  Plaintiff suffered bruises to his face, head and neck.  Plaintiff told Sergeant Deluna what happened, and he asked that he be placed in pre-hearing detention ("PHD") for safe-keeping.  Sergeant Deluna told plaintiff that he would get him the necessary paperwork to file a life in danger ("LID") complaint and would place him in PHD.  Plaintiff also told Sergeant Rocha of the attack that morning, that he was in fear for his life, and that he needed to be transferred to PHD. Plaintiff was not transferred to PHD that morning.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Later that afternoon, plaintiff was attacked again by an inmate believed to be associated with the inmates who had assaulted him in the morning. Plaintiff suffered injuries to his mouth, face, and hand, and he was exposed to the blood of the attacking offender. After the attack, Sergeant Rocha placed plaintiff in handcuffs to escort him to the infirmary. Box-cutters that were hanging from Sergeant Rocha's belt cut plaintiff's right hand. After plaintiff was seen at the infirmary, plaintiff was placed in PHD.

Plaintiff was charged with a disciplinary case as a result of the altercation with the other inmate. The charging officer was Officer Delagarza. A disciplinary hearing was held at which Captain Castro presided as the disciplinary hearing officer. Captain Castro found plaintiff guilty and his punishment included solitary confinement and a loss of fifteen (15) days earned good time credits. Plaintiff appealed his disciplinary conviction, and it was set aside.

### III. DISCUSSION

**A.    Legal standard.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**A.     McConnell Unit.**

Plaintiff has named the McConnell Unit as a defendant. The McConnell Unit is a prison operated by the TDCJ-CID. The TDCJ is a state agency, and, as such, is not a person for the purpose of § 1983 liability. Ruiz v. Estelle, 679 F.2d 1115, 1137 (5th Cir. 1982), amended in part, vacated in part on other grounds, Ruiz v. Estelle, 688 F.2d 266 (5th. Cir. 1982). Plaintiff cannot maintain a claim against the McConnell Unit because it is not a person under § 1983. Accordingly, plaintiff's claims against the McConnell Unit are dismissed.

**B.     Warden Norris Jackson.**

At the evidentiary hearing, plaintiff suggested that Warden Jackson is liable for his injuries because he is responsible for what happens at the prison.

To state a cause of action under § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.1983). That is, § 1983 does not create supervisory or *respondeat superior* liability. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury. Oliver, 276 F.3d at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1997).

Plaintiff does not allege that Warden Jackson either participated in any unconstitutional action directly, nor does he allege that he implemented any unconstitutional policy. Thus, plaintiff fails to state a claim against Warden Jackson, and his claims against this defendant are dismissed.

**C.    Captain Castro.**

Plaintiff complains that Captain Castro violated his constitutional rights at the disciplinary hearing when she found him guilty of a disciplinary offense and denied him access to the courts. He argues that, even though the disciplinary conviction was ultimately set aside, he still had to endure harsh conditions during the time he was in solitary confinement, such as dirty food trays, roaches, and inadequate lighting, such that he is entitled to damages against her. He also claims that he was denied access to the courts while in solitary confinement.

*Disciplinary conviction and punishments.*

First, to the extent plaintiff is challenging the fact that Captain Castro ruled against him at the hearing, he fails to state a constitutional violation. The Fifth Circuit has noted that "[t]he Constitution demands due process, not error-free decision-making...." McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983). The mere fact that Captain Castro presided over a hearing and made rulings unfavorable to plaintiff fails to state a constitutional violation.

Second, the Supreme Court has held that the due process clause does not protect every change in the conditions of confinement having a substantial adverse effect upon a prisoner, but only those which serve to lengthen the inmate's sentence or exceed its expected parameters. Sandin v. Conner, 515 U.S. 472, 483–84 (1995). Here, to the extent plaintiff complains of his time spent in solitary confinement and the conditions therein, the due process clause is not implicated because these punishments do not affect the fact or duration of his incarceration. See also Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (30 day commissary and cell restriction does not implicate due

process clause); Malchi v. Thaler, 211 F.3d 953 (5th Cir. 2000) (prisoner has no constitutionally cognizable right to a particular time earning status). Thus, even if plaintiff was denied due process at his disciplinary hearing, the resulting punishments for which he seeks damages did not affect the length or duration of his sentence, and as such, he fails to state a claim upon which relief can be granted.

A claim that good time credits were improperly revoked *is* a challenge to the length of the prisoner's sentence and is not foreclosed by Sandin. However, in this case, plaintiff's disciplinary case was set aside on appeal and his good time credits were restored. As such, plaintiff has suffered no damages, and this claim is moot.

*Denial of access to courts.*

Plaintiff claims that, while he was in solitary confinement, he was denied access to the courts, and he attributes this alleged violation of his rights to Captain Castro.

Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996). This right, however, encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (citing Lewis, 518 U.S. at 351). To show a denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury." Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam) (citing Lewis, 518 U.S. at 351-54).

At the Spears hearing, plaintiff testified that, although he was delayed in filing certain legal matters, no actions were dismissed nor did he suffer any adverse consequences or prejudice in any pending legal proceeding. As such, plaintiff fails to demonstrate that he suffered an actual injury. Accordingly, his claim against Captain Castro for denial of access to the courts is dismissed.

**D.     Officer Delagarza.**

Plaintiff claims that Officer Delagarza wrongfully charged him with the disciplinary case of fighting with another inmate without first investigating the facts. This allegation fails to state a claim because a prisoner has no constitutional right to have his grievances investigated. See Beall v. Johnson, 54 Fed. Appx. 796, 796 (5th Cir. 2002) (per curiam) (prisoner's allegation that he has a constitutionally protected right to have his grievance investigated and resolved is without merit because resolution of the grievance does not involve a "significant hardship ... in relation to the ordinary incidents of prison life.") (citing Sandin v. Conner, 515 U.S. 472, 485-86 (1995). See also Taylor v. Cockrell, 92 Fed. Appx. 77, 78 (5th Cir. 2004) (same). Thus, dismissal of plaintiff's claim against Officer Delagarza is appropriate.

**E.     Sergeant Rocha – Excessive Force.**

Plaintiff claims that, while Sergeant Rocha was handcuffing him, box-cutters that were hanging from Sergeant Rocha's belt, cut his right hand. At the Spears hearing, plaintiff testified that Sergeant Rocha intentionally cut him, although he admitted that he only saw the box-cutters on Sergeant Rocha's belt and never in his hand and he had no idea how Sergeant Rocha cut him.

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant. See Hudson v. McMillian, 503 U.S. 1, 6, 10 (1992); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The factors to be considered are (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the

7

responsible officials; and (5) any effort made to temper the severity of a forceful response. Gomez, 163 F.3d at 923.

Accepting plaintiff's allegations as true, that Sergeant Rocha cut his hand with box-cutters, he has stated a claim of excessive force; however, in the context of the events of the day his allegations are fanciful. First, plaintiff testified to cutting his right hand earlier in both previous fights. Second, he admitted that he never saw Sergeant Rocha remove the box-cutters from his belt. Third, at the time he was being handcuffed, plaintiff had just been in an altercation with another prisoner and, as such, was most likely excited and/or agitated.. Fourth, plaintiff did *not* testify as to any facts regarding an assault by Sergeant Rocha. He did not testify that he felt sudden pain, or began to bleed, or confronted Sergeant Rocha. He only stated that he knew Sergeant Rocha had intentionally cut him and suggested that Sergeant Rocha did so to *help* him look better in front of the other prisoners. To the extent force was used, the Court finds it was *de minimis*, and this claim is dismissed.

**F.      Sergeant Deluna and Sergeant Rocha – Failure to Protect**.

Plaintiff claims that, following the early morning assault, he informed both Sergeant Deluna and Sergeant Rocha that his life was in danger and that he wished to be moved to PHD.

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Cantu, 293 F.3d at 844 (citing Farmer, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835.

Taking his allegations as true, plaintiff has successfully alleged deliberate indifference claims against Sergeant Deluna and Sergeant Rocha. Sergeant Deluna considered plaintiff's situation serious enough to warrant the LID paperwork and he assured him that he would be placed in PHD. Similarly, plaintiff advised Sergeant Rocha of his situation. These allegations suggest that these defendants were aware of a risk to plaintiff's health and safety, but ignored that risk by failing to place plaintiff in PHD. The Court retains plaintiff's failure to protect claims against these two defendants.

## IV. CONCLUSION

Plaintiff's claims against the McConnell Unit, Warden Norris Jackson, Captain Evelyn Castro, and Officer Rolando Delagarza are dismissed for failure to state a claim and as frivolous, as is his excessive force claim against Sergeant Rocha. 28 U.S.C § 1915A(b). Plaintiff's failure to protect claims against Sergeant Deluna and Sergeant Rocha are retained on the Court's docket.

ORDERED this 11th day of August, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE