IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH LEE BEAN | § | |
|    TDCJ-CID #1141587 | § | |
| | § | |
| VS. | § | C.A. NO. C-06-223 |
| | § | |
| MCCONNELL UNIT, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for preliminary injunctive relief (D.E. 17). For the reasons stated herein, plaintiff's request for preliminary injunctive relief is denied.

**I. Jurisdiction**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Plaintiff consented to proceed before a magistrate judge (D.E. 12), and the case was reassigned to the undersigned United States Magistrate Judge to conduct all further proceedings (D.E. 13).

**II. Background facts**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Coffield Unit in Tennessee Colony, Texas. In the instant lawsuit, he complains that two McConnell Unit officers, Sergeant Ernesto Deluna and Sergeant Louis Rocha, failed to protect him on February 11, 2006, from the attacks of other inmates.[1]

---

[1] In his original complaint, plaintiff raised numerous claims against several McConnell Unit defendants (D.E. 1). Following an August 9, 2006, evidentiary hearing, only plaintiff's failure to protect claims against defendants Deluna and Rocha were retained. See D.E. 14.

In his request for injunctive relief (D.E. 17), plaintiff complains that, in his current cell at the Coffield Unit, he is under surveillance and subjected to an intercom sound system that is "being used to torture him." He complains that the voices echo throughout the day, 24 hours a day, seven days a week, and are loud. He believes the voices are calling him "sick" and saying other things about him. He also claims that the voices are of such a distraction as to amount to a denial of access to the courts because they adversely affect his ability to litigate his pending lawsuit.

## IV. Discussion

To obtain a preliminary injunction under FED.R.CIV.P. 65(a), the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might case the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

Plaintiff's motion fails to warrant such an extraordinary remedy. First, the requested injunction is directed at persons who are not defendants in this case, and over whom the court has no jurisdiction in this action. Moreover, it concerns claims that have not been pleaded or screened under 28 U.S.C. § 1915A. Finally, although plaintiff alleges that the conditions of his confinement are hindering his ability to prosecute this case, there is no evidence that plaintiff has been prejudiced in this lawsuit. See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis v. Casey, 518 U.S. 343, 351-54 (1996)). Service was ordered on defendants in August 2006, and they have

not yet filed their answers. At this point in the litigation, there is no action that plaintiff needs to take. Plaintiff's allegations do not give any indication of "actual injury" in his pending litigation.

Plaintiff fails to show that he has a likelihood of success on his claims, if it were properly pleaded, or that there is a threat of irreparable injury. To the extent he is unhappy with his cell assignment, he should file a grievance with the Coffield Unit officials.

Foe these reasons, plaintiff's motion for preliminary injunction (D.E. 17), is DENIED.

ORDERED this 4th day of October, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE